UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CREIGH LANDIS, Individually and BRENT
LANDIS, individually;

                          Plaintiffs,

      -v-                                              8:11-CV-1377

REMINGTON ARMS COMPANY, INC.;
REMINGTON ARMS COMPANY, LLC;
SPORTING GOODS PROPERTIES, INC.;
and E.I. DUPONT DE NEMOURS AND
COMPANY;

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

POISSANT, NICHOLS, GRUE & VANIER, P.C.       STEPHEN A. VANIER, ESQ.
Attorneys for Plaintiffs
376 West Main Street
Malone, NY 12953

MONSEES, MILLER, MAYER, PRESLEY & AMICK     TIMOTHY W. MONSEES, ESQ.
Attorneys for Plaintiffs
4717 Grand Avenue, Suite 820
Kansas City, MO 64112

THORN GERSHON TYMANN AND BONANNI, LLP       PAUL D. JURELLER, ESQ.
Attorneys for Defendants
5 Wembley Court, Box 15054
Albany, NY 12212

SWANSON, MARTIN, & BELL, LLP                DALE G. WILLS, ESQ.
Attorneys for Defendants                    ANDREW A. LOTHSON, ESQ.
330 North Wabash Avenue, Suite 3300
Chicago, IL 60611

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiffs Creigh and Brent Landis, individually, ("plaintiffs") allege spoliation of evidence under Count V of their complaint. Defendants Remington Arms Company, LLC, Sporting Goods Properties, Inc., and E.I. Du Pont De Nemours and Company (collectively "defendants") move to dismiss Count V of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In their response, plaintiffs made a cross motion to amend the original complaint in favor of a claim of fraudulent concealment. Defendants replied and opposed the cross-motion. The motions were considered on submission.

## II. BACKGROUND

The following facts, as alleged in the complaint, are taken as true. On November 23, 2008, Creigh Landis went for a walk in the woods behind her house, and brought with her a Remington M700 .308 caliber rifle. While walking home, she set the gun down to climb over a fallen tree. When she picked the rifle up again, it unexpectedly discharged with no manipulation of the trigger. The bullet traveled into her abdomen causing serious and permanent injury and scarring. Compl. ¶ 17.

Under federal diversity jurisdiction, plaintiffs Creigh and Brent Landis filed a five-count, product-liability action against defendants for their part in the design, manufacturing, distribution, and sale of the rifle. Plaintiffs allege that the accidental discharge of the rifle, which caused Creigh Landis's injuries, was the result of defendants' defective design and manufacturing. Therefore, according to plaintiffs, defendants should be held liable for plaintiffs' injuries and damages.

Plaintiffs' damages include past and future:  medical expenses, physical pain and suffering, loss of earnings, impaired earning capacity, permanent disability, disfigurement, loss of consortium and companionship, and other general and special damages to be determined by the jury at trial.  Id. ¶ 19.  The five causes of action include:  strict liability, strict liability failure to warn, negligent design and manufacture, negligent failure to warn, and spoliation of evidence.

Plaintiffs allege that defendants destroyed documents and other physical evidence relating to the rifle to avoid liability.  Defendants contend that New York State does not recognize a separate cause of action for spoliation of evidence.  However, plaintiffs, seeking leave to amend their complaint, assert that amending the spoliation of evidence count to one of fraudulent concealment would state a claim.

## III.  DISCUSSION

### A.  Jurisdiction and Applicable Law

Pursuant to 28 U.S.C. § 1332, jurisdiction exists.  The amount in controversy exceeds seventy-five thousand dollars ($75,000) and the parties are wholly diverse.  When a court sits in diversity jurisdiction, the laws of the State of New York will apply.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938).  Venue is proper in the Northern District of New York because the incident occurred in, and plaintiffs are residents of, Franklin County, New York.  Neither side contests the jurisdiction or venue in this case.

### B.  Motion to Dismiss Count V

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all factual statements alleged in the complaint are accepted as true, and "all reasonable inferences" are drawn "in favor of the non-moving party."  McCarthy v. Dun & Bradstreet Corp., 482 F.3d

184, 191 (2d Cir. 2007). In order to survive a motion to dismiss for failure to state a claim

upon which relief can be granted, a plaintiff is obligated "to provide the grounds of his

entitlement to relief" by something more than "labels and conclusions." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (internal quotations omitted). If

the plaintiff fails to plead a cause of action, the complaint is dismissed pursuant to the "failure

to state a claim" language of Rule 12(b)(6). See Davis v. Passman, 442 U.S. 228, 244, 99 S.

Ct. 2264, 2276 (1979).

New York State, in following the majority view, does not recognize spoliation of

evidence as an actionable tort. Weigl v. Quincy Specialities Co., 158 Misc. 2d 753, 756 (N.Y.

Sup. Ct. 1993); Pharr v. Cortese, 147 Misc. 2d 1078, 1080 (N.Y. Sup. Ct. 1990); see Fada

Indus., Inc. v. Falchi Bldg. Co., 189 Misc. 2d 1, 4–5 (N.Y. Sup. Ct. 2001).

Although there is some discussion about circumstances in which courts should

recognize spoliation as an actionable tort, New York courts have declined to do so. Ortega v.

City of N.Y., 9 N.Y.3d 69, 83 (2007) (declining to recognize a cause of action for third-party,

negligent spoliation); Pharr, 147 Misc. 2d at 1081 (declining to recognize a cause of action

for intentional spoliation of evidence); Hillman v. Sinha, 77 A.D.3d 887, 888 (N.Y. App. Div.

2d Dep't 2010) (declining to recognize a cause of action for first-party, negligent spoliation of

evidence). But see Fada Indus., 189 Misc. 2d at 12–13 (recognizing tort of spoliation

between insured and insurer, but conceding that it is the minority view and unprecedented).[1]

---

[1]Fada Indus. is a Supreme Court case decided in 2001, six years prior to the Court of Appeals' ruling in Ortega. As of 2002, the New York Court of Appeals had not yet addressed spoliation as a tort claim, but many lower courts had. Sterbenz v. Attina, 205 F. Supp. 2d 65, 71–72 (E.D.N.Y. 2002). At that time, Fada Indus. was the only case that had recognized negligent spoliation of evidence in New York, basing its decision on the "'unique facts of [that] case.'" Id. at 72 (quoting Fada Indus., 189 Misc. 2d at 11).

- 4 -

In their Motion to Dismiss, defendants rely upon Ortega. In that case, motorists were seriously injured when their car suddenly caught fire after a routine inspection and tune-up. Ortega, 9 N.Y.3d at 73. A towing contractor removed the vehicle to his facility where it remained for about a month, finally ending up in the possession of the New York City Police Department. Id. The court granted an order preventing destruction of the vehicle, until it could be inspected. Id. Nevertheless, the vehicle was not preserved, but instead was crushed for scrap metal. Id. at 74.

The Ortega plaintiffs asserted negligent spoliation of evidence, inter alia, and the City moved to dismiss for failure to state a claim. Id. The New York Supreme Court initially recognized the cause of action, but nonetheless dismissed it because Ortega did not adequately show that the City breached a duty owed to her. Id. at 75. The Appellate Division agreed that Ortega's negligent spoliation of evidence cause of action was "not viable." Id. at 75-76. Finally, the case came before the Court of Appeals of New York.

In declining to recognize third-party, negligent spoliation of evidence as an actionable tort, the Ortega Court emphasized that there are other corrective measures available to remedy the wrongdoing. Id. at 76. In its decision, the court specifically cited to New York Civil Practice Law and Rules 3126 as a remedy, which allows for the imposition of sanctions where necessary. Id. The court refused to create an independent cause of action for negligent spoliation of evidence. Id. at 83.

In this case, plaintiffs allege first-party, intentional spoliation which is distinguishable from the third-party, negligent spoliation claim in Ortega. There are many differences between first-party and third-party spoliation claims. The litigating party often has no control over third-parties who destroy evidence, while in first-party claims, the party litigating was the

one to destroy the evidence.  Furthermore, third-party claims are often claims of negligent

spoliation because the evidence is destroyed unknowingly; whereas with first-party claims,

the destruction is usually intentional because the spoliator knew that the evidence was

relevant to the litigation.  Although these differences exist, New York State's policy concerns

are the same; it does not matter who the spoliator is, nor the intention behind it, the

underlying concepts remain.  The New York Court of Appeals expressed concern about the

judicial and social policy consequences of creating a new actionable tort.  Id. at 79.

There are three main reasons why New York State has declined to recognize spoliation of

evidence as an actionable tort.  First, existing remedies adequately deter and correct both

negligent and intentional spoliation.  Second, creating a new cause of action would open the

floodgates to litigation.  Lastly, the existence of inherent speculation with claims of spoliation

of evidence is troublesome.  Each of these three reasons will be discussed in turn.

First, there are adequate remedies for the injured party in cases of negligent and

intentional spoliation alike.  Rule 37 of the Federal Rules of Civil Procedure, in relevant part,

states:  "If a party . . . fails to obey an order to provide or permit discovery . . . the court

where the action is pending may issue further just orders."  The rule lists potential sanctions

including, but not limited to:  (1) prohibiting the disobedient party from supporting or opposing

certain claims or defenses; (2) striking pleadings in whole or in part; (3) staying further

proceedings until order is obeyed; (4) dismissing the action; or (5) rendering a default

judgment (on the substantive claim) against the disobedient party.  Fed. R. Civ. P.

37(b)(2)(A); see also West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)

(holding that appropriate sanctions, including dismissal, should serve "the prophylactic,

punitive, and remedial rationales underlying the spoliation doctrine.").  Simply stated, other

remedies are available to adequately punish the spoliators.  Ortega, 9 N.Y.3d at 79

(suggesting that "existing New York remedies are [ ]adequate to deter spoliation.").

Second, courts should be hesitant to create causes of action that would open the

floodgates to litigation.  There are many competing interests in determining whether tort

liability should attach to a particular action.  "'To identify an interest deserving protection does

not suffice to collect damages from anyone who causes injury to that interest . . . .  Not every

deplorable act . . . is redressable in damages.'"  Ortega, 9 N.Y.3d at 78 (quoting Madden v.

Creative Servs., 86 N.Y.2d 738, 746 (1995)).

Lastly, there is a real concern about hypothetical situations and speculation.  Id. at 82.

The claim of spoliation of evidence inherently calls for some degree of guesswork.  Id.  There

would be questions as to whether destroyed or lost evidence existed in the first place;

whether the supposedly destroyed information would have included any relevant information;

concerns about the actual degree of harm that the moving party suffered; and questions

about the validity, accuracy, and details of the purported evidence.  Id.

Each of these three concerns applies to first-party intentional spoliation, as well as to

third-party negligent spoliation such as in Ortega.  Thus, spoliation of evidence, whether first-

party or third-party, and whether intentional or negligent, is not a valid cause of action under

New York law.  Defendants' motion to dismiss Count V of the complaint will be granted.

## C. **Motion to Amend Count V**

Plaintiffs cite IDT Corp. v. Morgan Stanley Dean Witter & Co., 63 A.D.3d 583 (N.Y.

App. Div. 1st Dep't 2009) in support of their position that they should be granted leave to

amend Count V to allege fraudulent concealment.[2] The grant or denial of a motion to amend is within the sound discretion of the district court. Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).

Leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Where the movant has properly shown that he "ought to be afforded an opportunity to test his claim on the merits," leave shall be granted. Foman, 371 U.S. at 182, 83 S. Ct. at 230. However, courts may decline to grant leave for "undue delay, bad faith . . . on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment, etc." Id.; see also Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

In analyzing plaintiffs' Motion to Amend, there are no issues as to undue delay, bad faith, failure to cure, or undue prejudice. However, futility of the proposed amendment is at issue.

An amendment is considered futile when "the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente, 310 F.3d at 258 (citing Dougherty v. N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). An amendment is also considered futile if it would fail to cure prior deficiencies. Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012). "[I]f it appears beyond doubt that the plaintiff can plead no set of facts that would entitle him to relief" then leave to amend should be denied as futile. Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).

---

[2] It is noted that all factual allegations in Count V of the proposed amended complaint remain the same as in the original complaint. The only change is in the title of the count.

In order to state a claim for fraudulent concealment in New York, there must be "(1) failure to discharge a duty to disclose; (2) an intention to defraud, or scienter; (3) reliance; and (4) damages." TVT Records v. Island Def Jam Music Group, 412 F.2d 82, 90-91 (2d Cir. 2005) (citing Brass v. Am. Film Techs., Inc., 987 F.3d 142, 152 (2d Cir. 1993)); see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 582 (2d Cir. 2005). In addition, where any pleadings allege fraud, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). But, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Id.

As to the first element—failure to discharge a duty to disclose—courts will recognize an established relationship creating a duty to disclose in three different situations:  (1) where a fiduciary relationship exists; (2) where the "special facts doctrine" exists, in which "one party possesses superior knowledge, not readily available to the other, and knows that the other is acting on the basis of mistaken knowledge"; or (3) "where a party has made a partial or ambiguous statement, whose full meaning will only be clear after complete disclosure." Aetna, 404 F.3d at 582 (internal quotations omitted).

Plantiffs allege that defendants breached a duty they owed to plaintiffs. However, it is unnecessary to determine whether the allegation as to duty is sufficient because plaintiffs have not alleged that the underlying case would fail, resulting in damages. For the same reason, analysis of defendants' alleged intention to conceal and plaintiffs' reliance on these allegedly destroyed documents is unnecessary.  Thus, the analysis below focuses on the fourth element, damages.

Plaintiffs must allege that the concealment (or destruction) of this evidence will cause them to fail on the merits of their case.  In other words, plaintiffs must assert that the

absence of these documents and other evidence—being so essential to the underlying case—will result in a failure to prevail on one or more of the other four counts alleged.  This is the only way that damages will stem from the alleged fraudulent concealment.

Here, plaintiffs have not asserted that their other claims will fail without the allegedly destroyed evidence.  Plaintiffs still have the opportunity to present evidence in favor of their case without these supporting documents.  As stated above, sanctions may be imposed against defendants where necessary, to preserve fairness between the two parties.  Fed. R. Civ. P. 37(b)(2)(A).

Furthermore, because the documents have not been produced, there will be some level of inherent speculation involved regarding the information purportedly contained in the documents.[3]  With spoliation, there is "no meaningful way for the jury to reliably resolve whether the destruction of evidence was, in fact, the cause of plaintiffs' failure to obtain damages."  Ortega, 9 N.Y.3d at 82.  Plaintiffs have not alleged that their underlying case would fail; therefore, they have not sufficiently alleged damages resulting from fraudulent concealment.

Because plaintiffs fail to assert that damages have resulted from the concealment, the motion to amend must be denied.  Plaintiffs rely upon IDT Corp. but that case is readily

---

[3] The Ortega Court reiterates the problem with spoliation for reasons of speculation.  "'[A]llowing a separate cause of action for spoliation would recognize a claim that, by definition, could not be proved without resort to multiple levels of speculation.'"  Ortega, 9 N.Y.3d at 80–81 (quoting Fletcher v. Dorchester Mut. Ins. Co., 773 N.E.2d 420, 426 (Mass. 2002)).  Further, "'permitting a cause of action that necessarily would be based upon speculation and conjecture could burden the courts with claims that may be peculiarly productive of arbitrary and unreliable verdicts.'"  Id. at 81 (quoting Temple Cmty. Hosp. v. Superior Court, 976 P.2d 223, 228 (Cal. 1999)).  Lastly, the Ortega Court emphasizes its unwillingness to recognize spoliation as an actionable tort by citing New York courts generally:  "New York courts have been reluctant to embrace claims that rely on hypothetical theories or speculative assumptions about the nature of the harm incurred or the extent of plaintiff's damages."  Id.

distinguishable.  There, IDT Corp. and Morgan Stanley had a clear fiduciary relationship, creating a duty to disclose.  IDT Corp., 63 A.D.3d at 584–85.  Furthermore, the documents in question were not destroyed in that case; rather, the documents were merely concealed, and later produced appropriately.  Id. at 586.  Where the documents have been destroyed, the lack of evidence leads to speculation as to causation and damages, which makes litigation more difficult.  Id. (citing generally Ortega, 9 N.Y.3d 69).

Plaintiffs have failed to allege damages resulting from an alleged fraudulent concealment, thus failing to state the required fourth element of their proposed amended claim in Count V.  Therefore, because proposed amended Count V would not survive a motion to dismiss pursuant to Rule 12(b)(6), plaintiffs' motion to amend will be denied as futile.

## IV. CONCLUSION

New York State does not recognize spoliation of evidence as an independent cause of action, so Count V of plaintiffs' complaint fails to state a claim for which relief can be granted.  Plaintiffs have not sufficiently claimed that damages will flow from the alleged destruction of the documents.  Therefore, the proposed fraudulent concealment cause of action fails to state a claim and amendment would be futile.

Accordingly, it is

ORDERED that

1. The defendants' motion to dismiss Count V of the complaint is GRANTED;

2. Count V is DISMISSED; and

3. Plaintiffs' motion to amend the complaint is DENIED.

IT IS SO ORDERED.


_____
United States District Judge

Dated:  December 7, 2012
          Utica, New York.